## MOORE *VS.* PHILIPS.

1. Where a defendant appears in court by an attorney, it is immaterial whether the process was served or not: an objection arising from a defective service of process, is waived by a *general appearance.*

2. Where the record discloses, that the parties came by their attorneys, and judgment by default was taken, not because of defendant's non-appearance, but for an omission to plead, an objection that defendant was not legally served with process, will be unavailable.

Error to the Circuit court of Monroe.

Assumpsit on note, tried before *Shortridge,* J.

On the the twenty-sixth of September, eighteen hundred and thirty-six, the defendant in error caused to be issued against the plaintiff, from the clerk of the Circuit court of Monroe, a writ in usual from, with a cause of action thereon, endorsed in these words :

"'This action is founded on an instrument in writing, of which the following is a copy : 'on the first day of January next, I promise to pay John Philips, or bearer, the sum of one hundred and fifty dollars, for value received. November 20th, 1835.

(Signed,) · J. W. MOORE.'"

On which the plaintiff made the following acknowledgement and agreement: "I acknowledge service of this writ, and agree that it shall not be placed on the appearance docket, at October term, but shall be placed on the trial docket, and stand for trial at the March term, 1837. September 27th, 1836. · JOHN W. MOORE."

At March term, eighteen hundred and thirty-seven, the following entry was made in the case: "This day came the parties, by their attorneys, and the plaintiff claims judgment by default final, for want of a plea; whereupon, there being no plea filed within the time limited by the rule of court, and the statute in this behalf,—it is therefore considered by the court now here, that the plaintiff do recover," &c.

*Porter*, for plaintiff in error.
*Stewart*, contra.

COLLIER, C. J.—The only error relied on, is, that there is no evidence of the service of process on the plaintiff in error, to authorise the judgment rendered against him.

In Welch, adm'r, vs. Walker and wife, (4 Porter's R. 120,) it was held, that an endorsement upon a writ of an acknowledgment of service, without proof that it was the act of the party purporting to have made it, would not sustain a judgment rendered against a defendant, who did not appear in the case. That case, however, is not decisive of the one at bar; for here, the record expressly discloses, that the parties came by their attorneys, and that the judgment by default, was not claimed because of the defendant's non-appearance, but for his omission to plead. The plaintiff in error, then, having appeared in court, by attorney, it is immaterial whether process was served or no, as it is waived by a *general appearance*. (See Hobson & Sons vs. Emanuel & Gaines, at this term.) The judgment is affirmed.